IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| GEORGE TAYLOR,<br><br>            Plaintiff,<br><br>    v.<br><br>T. RIDLEY, Assistant, Superintendent of Security; GREGORY E. JONES, High Risk Placement Manager; JASON PRIMMER, Correctional Officer; ANTON WANOUS, Corrections Corporal; KATHY WILSON, Corrections Corporal; BRIAN WIGGINS, Corrections Corporal; WADE ROBERTSON, Correctional Officer; KARENE KING, Correctional Officer; WINSTON KNOWLTON, Correctional Officer; GREG KLIMBACK, Corrections Corporal; STEFAN GREGORY, Correctional Officer; ART WORTMAN, Corrections Sergeant; WILLIAM COCHELL, Correctional Officer; OWEN BELL, Correctional Officer; THERESA SWART, Correctional Officer; ERIC | Case No. 2:18-cv-00314-SU<br><br>**OPINION AND ORDER** |

BOWMAN, Correctional Officer; and
OREGON DEPARTMENT OF
CORRECTIONS,

                Defendants.

SULLIVAN, United States Magistrate Judge:

George Taylor brings this federal- and state-law civil rights action concerning alleged injuries he sustained while an inmate at the Two Rivers Correctional Institution ("TRCI") in Umatilla, Oregon. Compl. (Docket No. 1). Defendants are officers and employees of the Oregon Department of Corrections ("ODOC") and ODOC. Defendants have moved to dismiss. (Docket No. 9). Plaintiff opposes. (Docket No. 13). For the following reasons, the Court GRANTS defendants' Motion, in part with leave to amend, and in part without leave to amend.[1]

## BACKGROUND

On or about September 1, 2015, an Oregon state court sentenced plaintiff to ODOC custody; he would eventually be incarcerated at TRCI. Compl. ¶¶ 5, 10. Plaintiff is no longer incarcerated at TRCI. *Id.* Defendant T. Ridley was the Assistant Superintendent of Security at TRCI at the times relevant to the Complaint. *Id.* ¶ 6. Defendant Gregory Jones was the High Risk Placement Officer for ODOC. *Id.* ¶ 7. The other individual defendants were, at all relevant times, TRCI staff personnel. *Id.* ¶ 8.

On September 1, 2015, *Willamette Week*, a weekly newspaper from Portland, Oregon, published an article titled "Rat Tale," which identified plaintiff as a "rat" or "snitch." *Id.* ¶ 11. Plaintiff alleges that defendant Jones "knew or should have known that Mr. Taylor had been publicly identified as a 'rat' or a 'snitch' and was therefore at high risk of being assaulted." *Id.*

---

[1] The parties have not request oral argument, and the Court has determined that this Motion is suitable for disposition without oral argument.

¶ 12. Jones "communicated to all other defendants, or should have communicated to all other defendants, that Mr. Taylor had been publicly identified as a 'rat' or a 'snitch' and was therefore at high risk of being assaulted." *Id.* ¶ 13.

On February 21, 2016, TRCI inmate Joe Robinson "during a mealtime slit Mr. Taylor's neck causing life-threatening injuries." *Id.* ¶ 15. The assault was "foreseeable." *Id.* ¶ 1.

Plaintiff's Complaint brings three causes of action:

(1)     Under 42 U.S.C. § 1983, for violations for the Eighth Amendment right to be free from cruel and unusual punishment, for "failure to provide adequate protection to Mr. Taylor from assault by other inmates," Compl. ¶¶ 16-17;

(2)     For violations of the Oregon State Constitution's prohibition of cruel and unusual punishment, Art. I, Sec. 16, for "failure to provide adequate protection to Mr. Taylor from assault by other inmates," Compl. ¶¶ 18-19; and

(3)     "Premises liability" for "negligent failure to protect Mr. Taylor on premises," *id.* ¶¶ 20-23.

Defendants have moved to dismiss. (Docket No. 9). Plaintiff opposes, but provides very little substantive argument or analysis. (Docket No. 13). Instead, plaintiff concludes, "[h]is position is that he has adequately stated each claim for relief." *Id.*, at 2. He repeats a paragraph from the Complaint, attaching a copy of the *Willamette Week* article. *Id.*[2] Despite this lack of substance in plaintiff's Opposition, the Court analyzes the merits of defendants' Motion.[3]

## LEGAL STANDARD

---

[2] Plaintiff's brief then concludes: "It is Plaintiff's position that these facts are enough to establish the adequacy of the pleading in this matter. If the Court determines otherwise, he respectfully requests that the Court permit him a period of thirty days from its ruling to replead." Pl. Opp'n, at 3 (Docket No. 13).

[3] The parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636. (Docket Nos. 7, 8, 17, 18).

A well-pleaded complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A claimant is not required to detail all factual allegations; however, the complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* While the Court must assume that all facts alleged in a complaint are true and view them in a light most favorable to the nonmoving party, it need not accept as true any legal conclusion set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

## ANALYSIS

**I.** **Section 1983 Eight Amendment Claim**

In moving to dismiss plaintiff's § 1983 claim, defendants argue that plaintiff fails to plead any specific facts about any individual defendant, and fails to properly plead causation.

    **A.** **Section 1983 Liability**

"Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "A plaintiff must allege facts, not

simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Id.* Section 1983 liability "cannot be predicated upon *respondeat superior*." *Collins v. City of San Diego*, 841 F.2d 337, 340 (9th Cir. 1988). "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted). "A plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury." *Id.* (quotation and alteration omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (quotations and alterations omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208.

States and state agencies are immune from suit without their consent in federal court under the Eleventh Amendment, and are not "persons" under § 1983. *Bennett v. California*, 406 F.2d 36, 39 (9th Cir. 1969); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id.* "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should

know would cause others to inflict constitutional harms." *Preschooler II v. Clark Cty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quotation omitted). This causation requirement "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.  **Application**

Plaintiff's § 1983 claim fails for multiple reasons.

First, plaintiff does not plead the personal involvement of any individual defendant in any alleged violation of his Eighth Amendment rights.[4] As to the correctional officer defendants, no specific facts regarding any individual's involvement in the injury to plaintiff are alleged. *See* Compl. ¶ 8. As to defendant Ridley, plaintiff pleads only that he was the Assistant Superintendent of Security at TRCI, and "was responsible for the security of TRCI, it [sic] employees and its inmates." *Id.* ¶ 6. This does not include any personal participation in the violations plaintiff alleges. As to defendant Jones, plaintiff pleads that he was the "High Risk Placement Manager" at ODOC, "knew or should have known" of the *Willamette Week* article, and "communicated . . . or should have communicated to all other defendants" that the article put plaintiff at risk. *Id.* ¶¶ 7, 12-13. This does not allege any personal participation in plaintiff's treatment, housing, or protection at TRCI. Furthermore, plaintiff's pleadings identify Jones only as a state-level ODOC official, but do not allege any involvement by Jones specifically at TRCI, or his responsibilities regarding TRCI. These vague allegations regarding the individual defendants are insufficient to state a claim for § 1983 liability. *Barren*, 152 F.3d at 1194.

---

[4] Defendants make no argument specific to the Eighth Amendment elements of cruel and unusual punishment or what duties may be owed plaintiff to provide adequate protection from assault from other inmates.

Second, defendants Ridley and Jones, because they held higher-level positions at TRCI and ODOC, appear to be sued based on their supervisory positions. However, they cannot be sued under § 1983 based on *respondeat superior*. *Collins*, 841 F.2d at 340. To the extent plaintiff seeks to hold Ridley and Jones liable under a supervisory theory, he must plead either their personal participation, or that there was a proximate causal connection between their alleged wrongful conduct and the alleged violations and breach of a duty to plaintiff. *Starr*, 652 F.3d at 1207-08. Plaintiff has done neither.

Third, plaintiff has pleaded no facts, much less plausible allegations under *Iqbal* and *Twombly*, of causation. The *Willamette Week* article was published almost six months before the alleged assault. There is no allegation that inmate Robinson, nor any other inmate, knew of the article, or knew that plaintiff had been identified as a "snitch" or "rat." There is no allegation that the alleged assault was connected to the article. There is no allegation that any defendant knew of the article, or was aware that plaintiff had been publicly identified as a "snitch" or a "rat," such that they would have had any duty to provide plaintiff appropriate protection. There is no allegation that any individual defendant's conduct, or failure to take action (i.e., to provide "adequate protection" from assault), was the proximate cause of Robinson's assault. *See Beitch v. Hatton*, 134 F. App'x 129, 130 (9th Cir. 2005) ("The district court properly granted summary judgment on [plaintiff's] deliberate indifference claim because there was no evidence to establish that the defendants were aware of specific facts from which they could infer that other prisoners posed a substantial risk of serious harm to [plaintiff]."); *Contreras v. Collins*, 50 F. App'x 351, 352 (9th Cir. 2002) ("In prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety." (quotation and alteration omitted)).

Lastly, ODOC is a state agency and has Eleventh Amendment immunity from plaintiff's § 1983 claim, and is not a "person" under § 1983. *Abraham v. Or. Dep't of Corr.*, No. 2:13-cv-00827-AC, 2014 WL 5018813, at *4 (D. Or. Oct. 2, 2014); *Sobotta v. Oregon*, No. CIV. 07-1204-ST, 2007 WL 2984039, at *2 (D. Or. Oct. 10, 2007). Plaintiff cannot bring a § 1983 claim against ODOC.

Plaintiff's § 1983 claim against the individual defendants is DISMISSED, with leave to amend, so that plaintiff can adequately plead specific facts, personal involvement or supervisory liability, and causation. Plaintiff's § 1983 claim against ODOC is DISMISSED with prejudice.

## II. State Law Claims

Plaintiff brings two state law claims: for "Cruel and Unusual Punishment, Oregon Constitution, Article I, Sec. 16, Failure to provide adequate protection to Mr. Taylor from assault by other inmates," Compl. ¶¶ 18-19, and "Premises Liability, Negligent Failure to Protect Mr. Taylor on Premises," *id.* ¶¶ 20-23. The Court may review and adjudicate those claims under its supplemental jurisdiction. 28 U.S.C § 1367.

### A. Cruel and Unusual Punishment Under Oregon Law

The Oregon Constitution, Article I, Section 16, provides in part, "Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense." This encompasses two elements, a prohibition on "cruel and unusual punishment," and a proportionality requirement as to sentencing. *State v. Wheeler*, 343 Or. 652, 656 (2007). Oregon courts have largely interpreted the Oregon State Constitution's prohibition of cruel and unusual punishment parallel to the U.S. Constitution Eighth Amendment prohibition of cruel and unusual punishment. *E.g.*, *State v. Baker*, 346 Or. 1, 4-6 (2009); *Billings v. Gates*, 323 Or. 167, 181 (1996); *Keenan v. Maass*, 149 Or. App. 576, 578-79 (1997). Oregon courts have provided some

additional guidance on what constitutes cruel and unusual punishment under the state constitution: "[T]he phrase 'cruel and unusual punishments' . . . connotes a conscious choice on the part of prison officials to inflict punishment on an inmate. The reference in Article I, section 16, to punishments that are 'inflicted' also suggests that the punisher must have some level of intent or purpose." *Billings*, 323 Or. at 167 (quotation omitted).

Although the parties have not argued or provided the standard under Oregon law for evaluating a claim of failure to protect an inmate from violence, Eighth Amendment law is instructive. Prison officials have an Eighth Amendment duty to protect prisoners from inmate violence. *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

> The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is objectively, sufficiently serious and (2) the prison officials had a sufficiently culpable state of mind, acting with deliberate indifference. Deliberate indifference entails something more than mere negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.

*Id.* (quotations and citations omitted). This strongly suggests that a claim for cruel and unusual punishment for failure to protect an inmate must, under Oregon state law, require the pleading of deliberate indifference.[5]

Defendants provide minimal argument on this claim, arguing only that plaintiff has not alleged that defendants knew of and consciously disregarded any risk posed by the *Willamette Week* article's description of plaintiff as a "rat" or "snitch." Plaintiff's briefing provides no

---

[5] The Court's analysis here is also guided by certain additional principles. In the context of an alleged violation of the ban on cruel and unusual punishment by the failure to meet a prisoner's serious medical needs, the standard is one of "deliberate indifference." *Billings*, 323 Or. at 181. Deliberate indifference "constitutes the unnecessary and wanton infliction of pain, whether the indifference is manifested by prison doctors in their response to a prisoner's serious medical needs or by prison guards in intentionally denying or delaying access to medical care, or in intentionally interfering with prescribed treatment." *Id.*

Page 9 – OPINION AND ORDER

analysis of this claim, or of defendants' arguments, whatsoever. The Court thus assumes, without deciding, that an Oregon state constitutional law claim for failure to protect an inmate requires, at a minimum, an allegation of deliberate indifference.

Under this "deliberate indifference" standard, plaintiff has failed to state an Oregon constitutional claim for cruel and unusual punishment for failure to protect him harm at the hands of another inmate. Plaintiff has not alleged that defendants knew, or should have known, of the *Willamette Week* article, especially given that its publication—in Portland (not Umatilla)—was five months before the alleged assault. Plaintiff pleads no facts, other than legal conclusions, that an attack on plaintiff by Robinson, or by any other inmate, was foreseeable by defendants. Plaintiff has thus not pleaded any culpable state of mind, nor has "intent" or "purpose" been pleaded. Plaintiff has not pleaded deliberate indifference.

The Court GRANTS defendants' Motion to Dismiss as to the state law cruel and unusual punishment claim, for failure to protect, with leave to amend.

### B. Premises Liability/Negligence

Plaintiff alleges that because defendants operate TRCI, and because there was an "unreasonable and foreseeable risk of injury" (presumably, from other inmates' violence) to plaintiff, defendants "owed a duty of care to" plaintiff, which they negligently breached. Compl. ¶¶ 21-23. Plaintiff brings this claim as one of "premises liability" and negligence. *Id.*, at 6. Defendants have moved against plaintiff's allegations regardless of how they are framed.[6]

---

[6] In moving to dismiss plaintiff's negligence claim, defendants first argue that because "Oregon is a fact pleading state," under state procedural law standards, plaintiff has failed to allege sufficient facts to support a negligence claim. Defs. Mot. Dismiss, at 6 (Docket No. 9). In federal court, the federal rules of procedure and pleading standards govern, even where state law provides the cause of action. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Defendants' reliance on state procedural law and state law cases is inapposite.

In cases considering whether a commercial property owner was negligent where the plaintiff was the victim of criminal activity, such as assault, on the property, Oregon courts have required the plaintiff to show that the third-party criminal acts were foreseeable. *E.g.*, *Scheffel v. Or. Beta Chapter of Phi Kappa Psi Frat.*, 273 Or. App. 390, 404 (2015); *Piazza* ex rel. *Piazza v. Kellim*, 271 Or. App. 490, 506-08 (2016).

However, the law of premises liability is inapplicable to the duties that the state owes to an inmate in its custody, especially as to protection from inmate violence.[7] The law of premises liability applies to invitees and licenses, i.e., commercial or social guests. It provides the standards by which a business-owner or other property-owner must keep the physical condition of the property safe for a visitor. *See, e.g.*, *Moorehead v. Tri-Cty. Metro. Transp. Dist.*, 273 Or. App. 54, 68 (2015); *Nelsen v. Nelsen*, 174 Or. App. 252, 256 (2001). This is different from the situation of an inmate, who is placed in state custody, and, by virtue of incarceration, is unable to meet many of his basic needs and relies on the state to provide them. *E.g.*, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Further, the standards regarding protection against inmate violence are provided by those described above, under constitutional requirements of the duty to protect. *See, e.g.*, *Brown v. Williams*, No. CIV. 041064CO, 2005 WL 1109690, at *3 (D. Or. May 6, 2005), *report and recommendation adopted*, 2005 WL 1388970 (June 9, 2005). "An officer can be held liable for failure to protect an inmate only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. More than an isolated incident of negligent failure to protect must be alleged in order to be actionable." *Id.* at *3. Premises liability is not applicable to plaintiff's claim.

---

[7] The Court has researched the issue extensively and has found no case law regarding, or any legal support for, the theory that a failure to protect against inmate violence claim could be brought under a premises liability theory. Plaintiff's scant briefing provides no such support.

Nonetheless, even if a negligence/"premises liability" claim were viable under these facts, plaintiff should, at a minimum, allege that the risk of harm from inmate violence was reasonably foreseeable. As previously stated, plaintiff has not sufficiently pleaded foreseeability under the circumstances of this case.

The Court DISMISSES plaintiff's state law premises liability/negligence claim with prejudice. Premises liability/negligence is not a viable cause of action by an inmate for failure to protect from inmate violence.

## CONCLUSION

Defendants' Motion to Dismiss is GRANTED with prejudice, in part, and without prejudice, in part, as provided in this Opinion. Plaintiff has 30 days to file an amended pleading in accordance with this Opinion; otherwise, the case will be dismissed with prejudice.

IT IS SO ORDERED.

DATED this 24th day of July, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge